(No. 74-CV-83— ▮▮▮▮▮▮▮)

JUDITH DULIN, on behalf of JIMMY B. DULIN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1975.*

JUDITH DULIN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on March 16, 1974, at 7933 South Parnell, Chicago. Judith Dulin, wife of the victim, seeks payment of compensation pursuant to the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et seq.* (hereafter referred to as "the Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's deceased husband, Jimmy B. Dulin, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Murder", *Ill. Rev. Stat., 1973, Ch. 38, Sec. 9-1.*

2. That on the morning of March 16, 1974, the body of Jimmy B. Dulin was found in the basement of 7933 South Parnell, Chicago. The body had been stabbed 55 times.

3. That Wilbur Hilliard of 7933 South Parnell called the police to report that a dead man was in the basement. That when the police arrived, it was determined that the victim had been dead for several hours.

4. That subsequent police investigation revealed that the victim had been drinking the night before; that he met Wilbur Hilliard who invited him to spend the

night at his home; that the victim accompanied Hilliard to his home; that during the early morning hours, Hilliard went into the basement and stabbed the victim to death with a kitchen knife; that Hilliard then attempted to dispose of the knife by throwing it on the roof top of a neighboring house.

5. That statements, taken by police investigators shortly after the crime was committed, present no evidence of any provocation by the decedent for the attack upon him by his assailant. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

6. That in a jury trial held the week of January 27, 1975, before Judge Romiti in the Circuit Court of Cook County, Wilbur Hilliard was found guilty of the murder of Jimmy B. Dulin.

7. That the victim and his assailant were not related nor sharing the same household.

8. That the criminal offense was reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

9. That the victim had been unemployed for two years preceding his death.

10. That loss of support is determined pursuant to the following provision in Sec. 4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

11. That the court must follow the statutory language when determining the dependent's loss of support. That as the victim had not been supporting his family for the six month period immediately preceding his death, this Court can not make an award for loss of support.

12. That the claimant has incurred funeral expenses for the victim in the amount of $1,102.00.

13. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of the Act states that this court—

"(d)   shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other sources, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)"

14. That the claimant or her family has not received nor will be entitled to receive any benefits from any other sources as the result of the victim's death.

15. That the claimant has incurred $1,102.00 of expenses from which $200 must be deducted pursuant to Sec. 7(d) of the Act.

It Is Hereby Ordered that the total sum of $902.00 (Nine Hundred and Two Dollars) be awarded to Judith Dulin, as widow of Jimmy B. Dulin, an innocent victim of a violent crime.